**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 19-50255 |
| Plaintiff-Appellee, | D.C. No. 2:18-cr-00713-JFW-1 |
| v. | |
| ERNEST GABRIEL VERDUGO, AKA Blackey, AKA Blackie, AKA Blacky, AKA Deadendlocos, AKA Demon, AKA Ernesto Gabriel Verdugo, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Central District of California
John F. Walter, District Judge, Presiding

Submitted May 5, 2021**
Pasadena, California

Before: OWENS and LEE, Circuit Judges, and SIMON,*** District Judge.

Ernest Verdugo appeals from the district court's denial of his motion to

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\**     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\***    The Honorable Michael H. Simon, United States District Judge for the District of Oregon, sitting by designation.

suppress evidence discovered during a search of a motel room conducted by parole compliance officers. Verdugo, a parolee, was subject to post-release community supervision conditions, which allowed a search of his residence without a warrant. As the parties are familiar with the facts, we do not recount them here. We affirm.

The district court properly determined there was probable cause to believe Verdugo resided in the motel room at the time of the search. "[P]robable cause as to residence exists if an officer of reasonable caution would believe, based on the totality of [the] circumstances, that the parolee lives at a particular residence." *United States v. Ped*, 943 F.3d 427, 431 (9th Cir. 2019) (internal quotation marks and citation omitted) (alteration in original). "[T]he ultimate question whether probable cause exists is 'fact-intensive,' and cannot be answered by cross-checking a list of factors." *United States v. Grandberry*, 730 F.3d 968, 976 (9th Cir. 2013).

The district court properly relied on both Verdugo's abandonment of his reported residence and his sister's statement that he was staying at the Motel 6 weeks prior to the search. The officers had "an affirmative and substantial basis for concluding that [Verdugo] did not actually live," *Grandberry*, 730 F.3d at 977, at the reported Springwood residence because Verdugo was not at the reported residence during either search conducted, his mother told the officers he no longer lived at the reported residence, and he told an officer they would have to "find him." Whether a parolee continues to live at his or her reported address is a

2

relevant consideration in determining whether there is probable cause as to residence. *See id.* And because the officers had reliable information upon which to believe Verdugo no longer lived at the Springwood residence, his sister's statement was still relevant weeks later when GPS tracking revealed Verdugo was located at the same Motel 6.

Finally, while Verdugo's mere presence in room 278 on the day of the search is not enough on its own to establish probable cause as to residence, with his abandonment of the Springwood residence and his sister's statement weeks earlier identifying the same motel, "[Verdugo's] repeated presence at the [Motel 6] is certainly entitled to some weight in the probable cause analysis." *Id.* at 978. And Verdugo's presence in a motel room, as opposed to a third party's apartment or house, is entitled to more weight because there are fewer third-party privacy concerns when "establishing that [a motel room is] the person's residence." *See United States v. Franklin*, 603 F.3d 652, 657 (9th Cir. 2010).

**AFFIRMED**.